U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

AUG 20 2013

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL ELON BELL                          PLAINTIFF

v.             Civil No. 13-2201

CHRISTINA SCHERREY, Public
Defender; STEPHEN TABOR, Judge;
RAQUEL SMITH, Court Administrator            DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff has submitted an *in forma pauperis* (IFP) motion and complaint to this Court for filing. The Clerk is directed to file the IFP motion and the complaint.

The matter is presently before me for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, this Court recommends that this action be summarily dismissed pursuant to Section 1915A and Section 1915(e)(2)(B).

### I. BACKGROUND

Plaintiff alleges that his constitutional right to counsel and his right to cross-examine witnesses were violated on July 31, 2013. Plaintiff asserts that Judge Stephen Tabor denied his request to replace his appointed counsel, Christina Scherrey.

With respect to Christina Scherrey, Plaintiff alleges that "after ensuring me she was incapable of helping me prove my innocense, threatening me, unwilling to help, refused to withdraw from my case." Finally, with respect to Raquel Smith, Plaintiff alleges she refused to send him "marked copies of all my motions and . . . did nothing."

### II. DISCUSSION

Because Plaintiff is seeking to proceed IFP, the Court must first determine whether the

Plaintiff qualifies for such status under 28 U.S.C. § 1915(a). In reviewing Plaintiff's IFP motion, I note that Plaintiff currently has no income and his institution of incarceration certified he had a balance of zero in his inmate account. Accordingly, it does appear that Plaintiff qualifies for IFP status due to his economic circumstances.

The Court must next determine whether the causes of action stated in the complaint are frivolous or malicious, fail to state claims upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. See West v. Atkins, 487 U.S. 42, 48 (1988). Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. While *pro se* complaints are to be construed liberally, they must still allege sufficient facts to support claims asserted. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Upon review of the complaint, I conclude that this case is subject to dismissal. First, Judge Stephen Tabor is immune from suit. Mireles v. Waco, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); see also Duty v. City of

Springdale, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Second, the Supreme Court has ruled that a public defender does not act under color of state law when representing a criminal defendant. Polk County v. Dodson, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel). The claims against Christina Scherrey are therefore subject to dismissal.

Third, Raquel Smith, the court clerk, is immune from suit. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." Boyer v. County of Washington, 971 F.2d 100, 101 (8th Cir. 1992)(internal quotations marks and citation omitted); see also Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); see also Davis v. McAteer, 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity).

### III.   CONCLUSION

Accordingly, I recommend that Plaintiff's motion to proceed IFP be denied and that the complaint be dismissed in its entirety as it is frivolous, fails to state a claim, and seeks relief from Defendants who are immune from such relief. See 28 U.S.C. § § 1915(e)(2)(B) & 1915A(b). I

further recommend that this case be considered as a "strike" for purposes of 28 U.S.C. § 1915(g), and the District Court Clerk be directed to place the appropriate case flag on this case.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this ____ day of August 2013.

                                              HON. ERIN L. SETSER
                                              UNITED STATES MAGISTRATE JUDGE